IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ASOCIACIÓN DE SUSCRIPCIÓN CONJUNTA DEL SEGURO DE RESPONSABILIDAD OBLIGATORIO,<br><br>        Plaintiff<br><br>            v.<br><br>DORELISSE JUARBE-JIMÉNEZ, in her official capacity as INSURANCE COMMISSIONER OF THE COMMONWEALTH OF PUERTO RICO,<br><br>        Defendant | CIVIL NO. 08-2261 (JP) |

**OPINION AND ORDER**

Before the Court is a motion to dismiss (**No. 11**) filed by Defendant Dorelisse Juarbe-Jiménez, in her official capacity as Insurance Commissioner of the Commonwealth of Puerto Rico ("Defendant" or "Commissioner"), and Plaintiff Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio's (the "JUA") opposition thereto (No. 14). Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 ("Section 1983") for alleged violations of its rights under the Fifth and Fourteenth Amendments to the United States Constitution. For the reasons stated herein, Defendant's motion is hereby **DENIED**.

**I.   FACTUAL BACKGROUND AND ALLEGATIONS**

On December 27, 1997, the Commonwealth of Puerto Rico enacted the Compulsory Motor Vehicle Liability Insurance Act, Act No. 253,

CIVIL NO. 08-2261 (JP)            -2-

as amended ("Law 253"), codified at P.R. Laws Ann. tit. 26, §§ 8051-8061, which establishes that liability insurance coverage is required for all motor vehicles in Puerto Rico that travel on public thoroughfares. See Associación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Flores-Galarza, 484 F.3d 1, 6 (1st Cir. 2007). Accordingly, every vehicle owner in Puerto Rico must either: (1) pay the premium for compulsory liability insurance to the Secretary of the Treasury at the time she acquires or renews a vehicle registration; or (2) opt out of the compulsory liability insurance program by privately purchasing liability insurance with comparable or better coverage.

The Secretary of the Treasury is then supposed to transfer the compulsory insurance premiums to the JUA, minus a fee for the collection service. The JUA is a private corporation whose shareholders are different private insurance companies that sell motor vehicle insurance liability in Puerto Rico. After receiving the premiums from the Secretary of the Treasury, the JUA then distributes the funds collected from the compulsory insurance program among the participating private insurance companies for eventual distribution to the consumers.

On October 18, 1996, Defendant issued Rule LXIX to provide for the structure and operation of the JUA. Said Rule mandated, *inter alia*, that all members of the JUA shall share in the profits and losses of the [JUA] in the proportional participation of each of the

CIVIL NO. 08-2261 (JP)          -3-

members for the year for which such profits or losses are determined. Regulation No. 5493 of October 18, 1996, Article 8(1)-(2).

On December 28, 2000, Rule LXIX was generally amended and incorporated into Rule LXX. The provision regarding the JUA's profits and losses was amended as well. See Regulation No. 6254 of December 28, 2000; Rule LXX, Article 20(e)(2). The amended Rule states that participation in the profits is not to exceed the maximum percentage established by the Commissioner, which is currently set at five percent. Rule LXX also established a Special Reserve that "shall be used exclusively for the future stabilization of the premiums of the compulsory liability insurance and the future expansion of the benefits provided there under." Regulation No. 6254 of December 28, 2000; Rule LXX, Article 20(e)(2). Rule LXX specifically prohibits the distribution of the accumulated funds as profits to the members of the JUA. Since the enactment of Rule LXX, the JUA has set aside in a Special Reserve all profits in excess of the amounts allowed to be distributed to the JUA and its members. As of December 31, 2007, the Special Reserve totaled $118,776,812.00.

The JUA takes issue with the fact that Rule LXX limits the distribution of profits to five percent of the earned premiums from that year and directs profits in excess of those allowed to be distributed to be placed in a Special Reserve. The JUA claims that Rule LXX provides that the funds accumulated in the Special Reserve are to be used exclusively for a public purpose, and that it is

CIVIL NO. 08-2261 (JP)        -4-

prohibited from using or obtaining any benefit from the monies accumulated therein. Essentially, Plaintiff facially challenges Rule LXX by alleging that the establishment of the Special Reserve violates the Takings Clause of the United States Constitution because: (1) the JUA is being denied any beneficial use of its private property, and (2) the JUA's property is being used exclusively for a public purpose without just compensation to the JUA.

## II.   **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the

CIVIL NO. 08-2261 (JP)           -5-

plaintiff."  Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. **ANALYSIS**

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.  Specifically, Defendant argues that: (1) Plaintiff's claims are not ripe for review since state remedies have not been exhausted, and (2) the Younger abstention doctrine applies.  The Court will now consider Defendant's arguments in turn.

####    A.   **Ripeness**

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff seeks federal judicial remedies without having first sought state relief through the Commonwealth's inverse condemnation procedures.  It is well-established that a plaintiff is not required to exhaust administrative remedies prior to bringing a Section 1983 action. Associación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Flores-Galarza, 484 F.3d 1, 14 (1st Cir. 2007). However, the United States Supreme Court has adopted a set of ripeness requirements specifically applicable to Takings Clause actions.  See Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194-196 (1985).  Williamson provides, in relevant part:

CIVIL NO. 08-2261 (JP)            -6-

> The Fifth Amendment does not proscribe the taking of property; it proscribes the taking of property without just compensation. Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a "reasonable, certain, and adequate provision for obtaining compensation" exist at the time of the taking.

Id. at 194, citations omitted. A takings claim is generally considered unripe if the claimant comes directly to a federal court without first seeking reimbursement through state procedures. Id. at 194-195.

Like in Williamson County, the case at bar involves a regulatory taking. In order to prevail on this type of takings claim, plaintiff must satisfy two independent prudential hurdles and show that he has: (1) received a final decision from the state on the use of his property, and (2) sought compensation through the procedures the state has provided for doing so (e.g. inverse condemnation). Williamson County, 473 U.S. at 194-195.

The first prong of the Williamson County test asks whether a final and authoritative decision has been issued by the body responsible for applying the challenged regulations regarding how the regulations will be applied to the property in question. See Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725, 735, 738 (1997); see also Flores-Galarza, 484 F.3d at 15. The United States Court of Appeals for the First Circuit has stated that the main inquiry regarding the just compensation prong is whether the state makes available a process that is "particularly aimed at providing

CIVIL NO. 08-2261 (JP)          -7-

compensation when government action effects a taking." See Flores-Galarza, 484 F.3d at 16.

A plaintiff in a takings case may be excused for failing to seek recourse from the state courts if all potential state remedies are unavailable or inadequate, but this exception is narrowly construed, and the claimant must carry the heavy burden of showing unavailability or inadequacy. Deniz v. Municipality of Guaynabo, 285 F.3d 142, 146 (1st Cir. 2002). Any doubts must be resolved in favor of exhaustion; meaning that if a potential state law remedy exists, the plaintiff must at least attempt to pursue it. Id. In the instant case, Defendant claims that the Commonwealth's inverse condemnation remedy is available and adequate and Plaintiff failed to seek compensation through this state court remedy. The First Circuit has noted that "adequate procedures for seeking just compensation are available under Puerto Rico law" (referring specifically to an inverse condemnation remedy). SFW Arecibo, Ltd. v. Rodríguez, 415 F.3d 135, 139 (1st Cir. 2005).

However, the Court need not expand on this analysis. Plaintiff concedes that a claim that Rule LXX effects a regulatory taking as applied to its property would be unripe under the Williamson County test; however, the JUA is mounting a facial challenge to the regulation. Specifically, the JUA objects to the provision of Rule LXX that establishes the Special Reserve, alleging that it directs approximately ninety-five percent of the JUA's annual profits

CIVIL NO. 08-2261 (JP)             -8-

from compulsory insurance premiums to be set aside in the Special Reserve without providing for just compensation to the JUA.

Facial challenges need not be brought first to a Commonwealth body, either administrative or judicial. Flores-Galarza, 484 F.3d at 14. "[F]acial challenges to regulation are generally ripe the moment the challenged regulation is passed, but face an 'uphill battle,' since it is difficult to demonstrate that [the] mere enactment of a piece of legislation deprived [the owner] of economically viable use of [his] property." Suitum, 520 U.S. at 736 (citations omitted); see, e.g., Yee v. City of Escondido, 503 U.S. 519, 534 (1992); Pharm. Care Mgmt. Ass'n v. Rowe, 429 F.3d 294, 307 (1st Cir. 2005). In order to prevail on a facial challenge, a plaintiff must establish that no set of circumstances exist under which an act would be valid. Pharm. Research & Mfrs. of Am. v. Concannon, 249 F.3d 66, 77 (1st Cir. 2001).

Given that Plaintiff is mounting a facial challenge to Rule LXX, the Court finds that Plaintiff's claims are ripe for review and that the Court's subject matter jurisdiction is not foreclosed by the Williamson County requirements. Accordingly, the Court **DENIES** Defendant's motion to dismiss on ripeness grounds.

### B.  Younger Abstention Doctrine

Defendant, in the alternative, moves the Court to dismiss Plaintiff's complaint based on the Younger abstention doctrine, arguing that there is a pending state proceeding that implicates

CIVIL NO. 08-2261 (JP)            -9-

important state interests, and therefore this Court should abstain from exercising jurisdiction over Plaintiff's complaint. See Younger v. Harris, 401 U.S. 37 (1971). Under the Younger abstention doctrine, it is well-established that, in the interest of comity and federalism, federal courts may not enjoin pending state court criminal proceedings except under exceedingly rare and extraordinary circumstances. Olson v. Fajardo-Vélez, 419 F. Supp. 2d 32, 36 (D.P.R. 2006) (citing Younger v. Harris, 401 U.S. 37 (1971)). While Younger originally called on federal courts to abstain from ongoing state criminal proceedings, it has since been expanded to include abstention from "comparable state administrative proceedings that are quasi-judicial in character and implicate important state interests." Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 31 (1st Cir. 2004).

When determining if abstention from enjoining an ongoing state proceeding is appropriate, a district court must consider whether: (1) there are ongoing state proceedings, (2) the proceedings implicate important state interests, and (3) the proceedings afford plaintiff an adequate opportunity to present his federal claims. Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). Defendant claims that there is currently pending a state civil proceeding that satisfies all three Younger elements.

As to the first element, Defendant argues that Plaintiff commenced an action in the Puerto Rico First Instance Court of San Juan on November 5, 2008, requesting the same relief as that requested in the instant case. The case is on-going, as a hearing is scheduling for August 24, 2009. As to the second element, Defendant argues that the administration of the insurance industry implicates an important state interest and, hence, the second element of the Younger test is fulfilled. Finally, Defendant claims that Plaintiff has provided no evidence that the state court proceedings would prevent him from raising any constitutional concerns.

In response, Plaintiff argues that: (1) the state court action referenced by Defendant is not the proper type of proceeding to require adherence to Younger principles, and (2) Younger abstention is not warranted in this case because the relief requested herein will not interfere with the state court proceedings.

As to Plaintiff's first point, it is clear that the Younger doctrine has been extended to "'coercive' civil cases involving the state and to comparable state administrative proceedings that are quasi-judicial in character and implicate important state interests." Maymó-Meléndez, 364 F.3d at 32. The Younger doctrine has been applied to a civil proceeding initiated by the state to enforce a nuisance statute, Huffman v. Pursue, Ltd., 420 U.S. 592, 603-05 (1975); to state administrative proceedings based on alleged sex discrimination, Ohio Civil Rights Comm'n v. Dayton Christian Sch.,

CIVIL NO. 08-2261 (JP)           -11-

Inc., 477 U.S. 619, 623-27 (1986); and to administrative proceedings commenced by a state ethics committee to discipline a lawyer, Garden State Bar Ass'n, 457 U.S. at 432.

However, the United States Supreme Court has made it clear that although Younger has been extended beyond state criminal prosecutions, it does not apply to *all* state court proceedings. New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350 (1989) ("NOPSI")(emphasis added). In NOPSI, the Supreme Court stated, "it has never been suggested that Younger requires abstention in deference to a state judicial proceeding reviewing legislative or executive action." 491 U.S. at 367-368. The United States Court of Appeals for the First Circuit has stated that Younger has been extended to two specific types of civil actions: state enforcement actions against an individual, and situations that affect the fundamental workings of a state's judicial system.

The Court agrees with Plaintiff that based on the information before the Court at this juncture, the Younger abstention doctrine does not apply to the instant case. The state court proceeding is not an enforcement action initiated by the state; rather, the JUA filed the state court case. Moreover, the state court proceedings do not implicate the fundamental workings of Puerto Rico's judicial system. Having found that the Younger abstention doctrine does not apply to the instant case, the Court need not conduct further inquiry into whether the relief requested in this case will interfere with

CIVIL NO. 08-2261 (JP)            -12-

the state court decision.  Therefore, Defendant's motion to dismiss on <u>Younger</u> abstention doctrine grounds is **DENIED**.

### C.   **Failure to State a Claim**

Finally, Defendant argues that Plaintiff has failed to state a claim for an unconstitutional taking.  Plaintiff does not directly oppose this argument in its opposition brief.

Defendant loosely argues that because the purpose of the Special Reserve is to stabilize the premiums and to improve the service offered by the JUA to the public, then the JUA cannot claim a takings violation.  Defendant further argues that the JUA is an entity created with a public purpose and not the private purpose of enriching its members.  Because Law 253 appointed Defendant to establish the structure and operations of the JUA, Defendant claims that it is entitled to regulate the distribution of the Special Reserve fund.

The Court finds this line of argument to be underdeveloped and vague at this stage of the proceedings.  Plaintiff has pled that a regulatory taking has occurred, and the Court finds Plaintiff's pleading requirements under Rule 12(b)(6) of the Federal Rules of Civil Procedure to be satisfied at this early juncture.  Therefore, the Court denies Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

CIVIL NO. 08-2261 (JP)            -13-

## IV. CONCLUSION

In conclusion, the Court **DENIES** Defendant's motion to dismiss the complaint.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of July, 2009.

                                                s/Jaime Pieras, Jr.
                                                 JAIME PIERAS, JR.
                                           U.S. SENIOR DISTRICT JUDGE