```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| ASOCIACIÓN DE SUSCRIPCIÓN<br>CONJUNTA DEL SEGURO DE<br>RESPONSABILIDAD OBLIGATORIO,<br><br>     Plaintiff<br><br>     v.<br><br>DORELISSE JUARBE-JIMÉNEZ,<br><br>     Defendant | CIVIL NO. 08-2261 (JP) |

## **OPINION AND ORDER**

Before the Court is Plaintiff Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio's ("Association") motion for summary judgment (**No. 55**), and Defendant's opposition thereto (No. 59). Also before the Court is Defendant Dorelisse Juarbe-Jiménez's ("Juarbe") motion for summary judgment (**No. 56**) and Plaintiff's opposition thereto (No. 61). Plaintiff brought the instant action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of the Fifth Amendment's Takings Clause by Defendant Juarbe, Insurance Commissioner of the Commonwealth of Puerto Rico. For the reasons stated herein, Defendant's motion for summary judgment is hereby **GRANTED** and Plaintiff's motion for summary judgment is hereby **DENIED.**

CIVIL NO. 08-2261 (JP)            -2-

I.  **MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE**[1]

The following material facts were deemed uncontested by all parties hereto at the September 9, 2009, Initial Scheduling Conference (No. 49).[2]

1.  On December 27, 1995, the Commonwealth of Puerto Rico enacted the Compulsory Motor Vehicle Liability Insurance Act, P.R. Act No. 253, P.R. Laws Ann. tit. 26, §§ 8051 et seq.

2.  The Association was created by Act 253, P.R. Laws Ann. tit. 26, § 8051 et seq.

3.  The Association was created by law to address a social problem Puerto Rico was confronting with citizens not being compensated for the damages of their vehicles caused by third parties without insurance. See Act 253, codified at P.R. Laws Ann. tit. 26, § 8051.

4.  Effective January 10, 1998, this Act required all motor vehicles which travel on public thoroughfares to be covered by liability insurance with certain minimum requirements established therein.

---

1.  The Court did not address the statements of undisputed facts proposed by the parties because said facts were not material to the dispositive issue in this case.

2.  Plaintiff filed a motion to amend uncontested facts 10 and 12 (**No. 71**) in light of Act 201 of December 29, 2009. Defendant opposed the motion (No. 78). After considering the arguments, the Court **DENIES** the motion to amend.

CIVIL NO. 08-2261 (JP)           -3-

    5.    The Association is an insurer that is private in nature, for profit, and subject to the provisions of the Insurance Code applicable to stock insurers.  It was endowed by law with artificial personality and the following corporate powers: (i) to have succession in its name as an artificial person for the duration of its existence; (ii) to sue and be sued in its own name; (iii) to have and use a seal as a juridical person; (iv) to acquire, hold, hypothecate, convey, and otherwise manage, use, and dispose of real and personal property; (v) to transact insurance; (vi) to conduct its affairs through its directors, officers, employees, and representatives duly thereunto authorized; (vii) to make, modify, and rescind bylaws governing its corporate procedures and the conduct of its affairs; (viii) to exercise, subject to law and the express provisions of the articles of incorporation, all such incidental and subsidiary powers as may be necessary or convenient to the attainment of the objectives set forth in such articles; and (ix) the power to negotiate all those contracts that are pertinent, to carry out its purposes.   P.R. Laws Ann. tit. 26, §§ 2905, 8055; Rule LXX, Art. 2(c).

    6.    The Association provides compulsory liability insurance to all drivers who do not actively opt out of the compulsory

CIVIL NO. 08-2261 (JP)           -4-

      liability insurance scheme by purchasing traditional liability insurance with comparable or better coverage.

7. To enforce the compulsory nature of the liability insurance system, the Act requires that at the time of issuance or renewal of a motor vehicle's license, every motor vehicle owner must either provide evidence of coverage under a traditional liability insurance policy or pay the corresponding insurance premiums to the Secretary of the Treasury.

8. The statute provides for the Secretary of the Treasury to transfer to the Association the total amount of the compulsory liability insurance premiums received by said official, less a fee for the collection services.

9. Act 253 provided that the members of the Association shall share in the profits and losses thereof, in the percentage that the direct net premiums underwritten in Puerto Rico for motor vehicle insurance during the previous year for each one of the insurers represents the total of the direct net premiums underwritten in Puerto Rico during said year for that type of insurance.  P.R. Laws Ann. tit. 26, § 8055(e).

10. Act 253 provides that the premiums are going to be distributed to the members of the Association and

CIVIL NO. 08-2261 (JP)          -5-

>    Association itself in the form and manner provided by the Insurance Commissioner.
> 11. Act 253 provides that the operative and administrative expenses of the Association are going to be deducted from the portion of premiums apportioned to the Association pursuant to the aforementioned distribution.
> 12. Act 253 states that the Insurance Commissioner shall provide through regulations the manner and form in which the distribution of the total amount of the premiums received by the Association from the Secretary of the Treasury shall be carried out.  P.R. Laws Ann. tit. 26, § 8055(c).
> 13. On October 18, 1996, the Insurance Commissioner issued Rule LXIX.  <u>See</u> Regulation No. 5493 of October 18, 1996.
> 14. With regards to the participation of the members of the Association in its profits or losses, Rule LXIX provided that:
>
>> The Association shall determine annually its profits and losses in accordance with the Annual Statement required pursuant to Article 3.310 of the [Insurance Code].
>>
>> The Members shall share in the annual profits and losses of the Association in the proportional participation of each of the Members for the year for which such profit or losses are determined.
>
> Regulation No. 5493, Article 8(1), (2) (translation ours).

CIVIL NO. 08-2261 (JP)          -6-

15. On December 28, 2000, Rule LXIX was amended generally and incorporated into Rule LXX. <u>See</u> Regulation No. 6254 of December 28, 2000.

16. The provision regarding participation in the Association's profits and losses was amended to provide as follows:

> The Association shall determine annually its profits and losses in accordance with the Annual Statement required pursuant to Article 3.310 of the [Insurance Code].
>
> The members shall share in the annual profits or losses of the Association in the proportional participation of each of the members for the year for which such profits or losses are determined. With regards to the participation in the profits, the same shall not exceed the maximum percentage established in the premium dollar for the profit, applying the earned premiums for said year.
>
> The profit for each year in excess of the amounts distributed due to the participation provided for in this paragraph shall be accumulated in a special reserve that shall be exclusively used for the future stabilization of the premiums of the compulsory liability insurance and the future expansion of the benefits provided there under. Under no circumstance shall the excess accumulated in this reserve be used for the distribution of profits provided for in the previous paragraph.

Regulation No. 6254, Article 20(e)(1), (2) (translation ours).

17. Rule LXX prevents the Association from using the funds in the Special Reserve for anything other than the stated purposes of the Special Reserve.

CIVIL NO. 08-2261 (JP)             -7-

18. Rule LXX states that the Special Reserve is going to be used for the future stabilization of the premiums of the compulsory liability insurance and the future expansion of the benefits provided.

19. The Association is also barred by Rule LXX from using any of the interest derived from the funds in the Special Reserve for anything other than the purposes stated in the challenged portion of Rule LXX.

20. The Special Reserve is in the custody of the Association.

21. As of December 31, 2008, the Special Reserve contained $159,267,250.00 in undistributed profits as stated in the Annual Statement of December 31, 2008 provided by Plaintiff.

## II. **LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT**

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999)

CIVIL NO. 08-2261 (JP)          -8-

(stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993); Canal Ins. Co. v. Benner, 980 F.2d 23, 25 (1st Cir. 1992).  The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case.  See Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. See Anderson, 477 U.S. at 248; Celotex, 477 U.S. at 324; Goldman, 985 F.2d at 1116.

CIVIL NO. 08-2261 (JP)            -9-

## III. **ANALYSIS**

Defendant argues that her motion for summary judgment should be granted because: (1) Plaintiff's Section 1983 claims are time-barred; (2) Plaintiff lacks standing to sue; and (3) Plaintiff has failed to establish a cause of action for its takings claim.  On the other hand, Plaintiff argues that it is entitled to summary judgment because Plaintiff has presented conclusive evidence that Defendant has engaged in an unconstitutional taking when she, as the Insurance Commissioner of Puerto Rico, passed Article 20(e) of Rule LXX.  The Court will focus its analysis on the time-bar issue because it is the dispositive issue in the case.

### A.    **Time-bar of Section 1983 Claims**

Actions brought pursuant to Section 1983 in the Commonwealth of Puerto Rico carry a one-year statute of limitations. Morán-Vega v. Cruz-Burgos, 537 F.3d 14, 20 (1st Cir. 2008).  "Section 1983 claims generally accrue when the plaintiff knows, or has reason to know of the injury on which the action is based[.]" Id. (internal quotations omitted).  Plaintiff is considered "to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt[.]" Id. (internal quotations omitted).  Here, there is no dispute that Plaintiff challenges Rule LXX which was enacted on December 28, 2000 and that the complaint in this case was filed on November 4, 2008.

CIVIL NO. 08-2261 (JP)          -10-

Defendant argues that the statute of limitations accrued upon the enactment of Rule LXX because Plaintiff is bringing a facial takings challenge. De Anza Properties X v. County of Santa Cruz, 936 F.2d 1084, 1087 (9th Cir. 1991); see also Azul-Pacífico v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992). Since the claim accrued when the regulation was passed on December 28, 2000, Defendant argues that the action is time-barred because Plaintiff filed the complaint in this case almost eight years after the challenged regulation was passed.

Plaintiff does not dispute that a facial claim of unconstitutionality usually accrues at the time the challenged regulation is enacted, but counters that: (1) continued enforcement of an unconstitutional statute cannot be insulated by the statute of limitations;[3] (2) while the statute of limitations in a facial claim usually accrues at the time the challenged regulation is passed, the statute of limitations in this case has been tolled pursuant to the continuing violations doctrine; and (3) Defendant engaged in a new violation when, on July 12, 2008, she clarified her official position and provided, for the first time, that 100 percent of the Association's investment income and other income had to be accrued in the special reserve.

---

3.   Virginia Hospital Association v. Baliles, 868 F.2d 653, 663 (4th Cir. 1989); see also, Brown v. Board of Education, 347 U.S. 483 (1954); Kuhnle Brothers, Inc. v. County of Geauga, 103 F.3d 516, 522 (6th Cir. 1997); Long v. Florida, 805 F.2d 1542 (11th Cir. 1986).

CIVIL NO. 08-2261 (JP)          -11-

After considering the arguments, the Court determines that the takings claim brought by Plaintiff is time-barred.  The statute of limitations in this case accrued when the regulation was enacted on December 28, 2000.  De Anza, 936 F.2d at 1087.  Since the instant action was filed almost eight years after the regulation in question was enacted, Plaintiff's claims are barred by the one-year statute of limitations.

Furthermore, the Court finds that the three arguments brought by Defendant fail. While it is true that the continued enforcement of an unconstitutional statute will not always be insulated by the statute of limitations, the argument by Plaintiff fails to recognize that challenges based on the takings clause are different from other constitutional challenges.  Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 688 (9th Cir. 1993) (explaining the differences between takings challenges and other types of violations).  Unlike other violations, facial takings challenges can be insulated by statutes of limitation.  Id. at 687-88; Kuhnle Brothers, Inc. v. County of Geauga, 103 F.3d 516, 521 (6th Cir. 1997).

The Court also does not agree with Plaintiff's argument that the continuing violations doctrine makes the Association's claim timely. The Court of Appeals for the First Circuit has explained that a violation is continuing by virtue of the fact that it keeps happening which, to be actionable, must have transpired within the limitation period.  Jensen v. Frank, 912 F.2d 517, 522 (1st Cir. 1990).

CIVIL NO. 08-2261 (JP)          -12-

Plaintiff argues that said doctrine applies because this is not a case where the Association complains about the present consequences of a one-time violation, but instead it complains about the continued constitutional violations that are effected every year when the Association has to reserve its alleged profit for the benefit of others.

    The problem with Plaintiff's argument is that it misconstrues the nature of the claim brought in this case.  Plaintiff is bringing a facial challenge and not an as-applied challenge under the takings clause (Nos. 14 and 27).[4]  When bringing a facial takings challenge, the proper issue before the Court is whether the mere enactment of the regulation constitutes a violation of the takings clause. Keystone Bituminous Coal Association v. DeBenedictis, 480 U.S. 470, 495 (1987); Hodel v. Virginia Surface Mining & Reclamation Association, 452 U.S. 264, 295 (1981); Gilbert v. City of Cambridge, 932 F.2d 51, 56 (1st Cir. 1991).  As such, if Defendant did commit any takings violation, the violation occurred when the resolution was enacted.  Kuhnle Brothers, 103 F.3d at 521.  "In the takings context, the basis of a facial challenge is that the very enactment of the statute has reduced the value of the property or has effected a transfer of a property interest.  This is a single harm, measurable

---

4.    From both a previous opposition (No. 14) filed by Plaintiff and an Opinion and Order (No. 27) entered by this Court, it is clear that Plaintiff is only bringing a facial challenge because an as-applied challenge would be unripe for review by this Court under Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985).

CIVIL NO. 08-2261 (JP)        -13-

and compensable when the statute is passed." Id. (quoting Levald, 998 F.2d at 688). Accordingly, the continuing violation doctrine is inapplicable in this case because if a takings violation did occur, it occurred when the challenged regulation was passed and not, as Plaintiff contends, when it was enforced every year.

Similarly, the Court finds that the argument raised by Plaintiff regarding the official position taken by Defendant on July 12, 2008 is equally unavailing. Simply put, the argument by Plaintiff is in the nature of an as-applied takings challenge. Plaintiff is arguing that Defendant has clarified her position on the regulation in question here and, in so doing, Defendant is applying the regulation in question to require that 100 percent of the Association's investment income and "other income" be accrued in the special reserve. Since Plaintiff is bringing only a facial challenge to the regulation in question here, said decision by Defendant would not qualify as an additional violation in this case. Thus, Plaintiff's argument fails. Accordingly, the Court finds that Plaintiff's facial takings claim is time-barred.[5]

In light of the decision that Plaintiff's claim is time-barred, Defendant Juarbe's motion for summary judgment is hereby **GRANTED** and Plaintiff Association's motion for summary judgment is hereby **DENIED**.

---

5.   The Court notes that the decision here makes no determination as to the timeliness of any potential as-applied takings challenge.

CIVIL NO. 08-2261 (JP)          -14-

## IV.  CONCLUSION

In conclusion, the Court **GRANTS** Defendant's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.  The Court will enter a separate judgment accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of June, 2010.

                                        s/Jaime Pieras, Jr.
                                        JAIME PIERAS, JR.
                                   U.S. SENIOR DISTRICT JUDGE